BARTOLOMÉ PANIAGUA, Petitioner, *v.* FIRST DISTRICT COURT OF SAN JUAN, JUDGE CHARLES E. FOOTE, Respondent.

No. 485. Argued May 18, 1925.—Decided August 1, 1925.

CONTEMPT OF COURT—RECEIVERSHIP—JURISDICTION.—A receiver was appointed after judgment in an action brought only to recover real property and the receiver attempted to interfere with obligations or credits arising out of the deferred price of sales made by the defendant to other persons after a cautionary notice was recorded. *Held:* That inasmuch as the relations derived from such sales had no connection with the issue in the suit, the lower court had no jurisdiction to extend its order to authorize the receiver to collect such credits.

First District Court of San Juan, Charles E. Foote, J. Petition for a writ of certiorari. *Orders annulled.*

*Angel Arroyo* for the petitioner.

MR. JUSTICE FRANCO SOTO delivered the opinion of the court.

As manager of the Bank of San Juan Bartolomé Paniagua was sentenced to fifteen days in jail for not complying with a certain order of the lower court in the appointment of a receiver in the action brought by Bernabé Sabalier against Santiago Iglesias and the Bank of San Juan for annulment of the sale of the property called Melilla. The order directed that the Bank of San Juan should deliver to

the receiver all sums of money collected by reason of obligations, credits and rents of all kinds owed by other persons who were in possession of lots of the property under litigation.

The lower court had rendered judgment sustaining the complaint and it was reversed by this court on June 19, 1925 (34 P.R.R. 338). Shortly after the defendants had appealed from the said judgment the court appointed Constantino Fernández receiver to take and hold possession of said property with all of its buildings and improvements while the appeal was pending and further "to preserve it by collecting all the rents, debts and obligations of all kinds owed by persons in possession of any part of the property either by purchase or lease from the Bank of San Juan, or by any other person, and to pay the taxes, etc."

Then for the purpose of reviewing the action of the lower court in appointing a receiver a petition for a writ of certiorari was filed in this court by the Bank of San Juan. The writ was issued but finally discharged because the evidence heard by the lower court could not be considered for the reason that it was not incorporated in the record and because there was some doubt about the jurisdictional facts that had to be decided in favor of the discretion of the lower court; but it was held also that another remedy was available, that is, an appeal from the order made after judgment. *Bank of San Juan* v. *District Court of San Juan,* 32 P.R.R. 364.

Hence it is deduced that the question of jurisdiction, or of whether the district judge exceeded that faculty by extending his order to things or rights not discussed or raised between the principal parties in the litigation, was not raised then nor considered in the *Bank of San Juan Case, supra.*

After this last decision, or on April 3, 1924, the Bank of San Juan was ordered to restore to the receiver the amounts received from May 23, 1923, to July 31, 1923, as

obligations and credits paid to it by persons in possession of lots in the Melilla property.

The Bank of San Juan did not comply with that order, wherefore the receiver initiated contempt proceedings against the defendant corporation and later against its directors as a result of which the petitioner was found guilty by the lower court and this petition for a writ of certiorari was filed for a review of the order of April 3, 1924, and subsequent orders.

The only purpose of the action brought by Sabalier against Iglesias and the Bank of San Juan was to recover a certain real property known as Melilla. A cautionary notice of the action was recorded in the registry of property under section 91 of the Code of Civil Procedure. There is no doubt that this cautionary notice secured to the plaintiff his right to recover from any *pendente lite* purchaser of all or a part of the property, for the reason that the record of the action being to secure the effectiveness of the judgment, it would have legal effect against purchasers the same as if they were parties to the action, because their rights were represented by the defendant vendor, the Bank of San Juan.

"The purchaser pendente lite is not a necessary party, because his vendor or grantor continues as the representative of his interests." 17 R.C.L. 1031, sec. 28, note 17.

"It is well settled, in regard to land, that, when a suit is pending in regard to it, a person who purchases under the defendant pendente lite is subject to the operation of a writ of possession if one is finally issued on a judgment in the suit. This rule holds good whether the person acquiring an interest takes as vendee, lessee or otherwise. Indeed it is held that all persons who come into possession of land after an action is brought concerning it are presumed to come under the defendant and prima facie, go out under the writ of possession if the plaintiff recovers." 17 R.C.L. 1032.

If this is so, what may be the extent of the order of April 3, 1923, in regard to obligations and credits repre-

senting the deferred price of sales made to third parties by the bank after notice of the litigation?

It suffices to observe that if the object of the receivership was the custody and preservation of real property under a judgment at first instance which recognized the plaintiff's ownership, it does not seem consistent with that ownership and it would rather appear to be incompatible with it to attempt to interfere with obligations or credits arising out of the deferred price of sales made by the defendant to other persons. We find no legal explanation in the attitude of the plaintiff, inasmuch as since the relations derived from the conveyances made by the bank were not in any way connected with the issue in the suit, the lower court had no jurisdiction to extend its order to the collection by the receiver of such credits. Perhaps the only plausible explanation would be to protect the vendees from the risk that they would run on account of the plaintiff's claim, but it will be seen, however, that they were protected by section 1405 of the Civil Code which authorized them to suspend the payment of the price or instalments due, or to request security for the restitution thereof; but this was a matter in which the plaintiff could not join, because it pertained exclusively to such persons and the bank and if they failed to avail themselves of the protection given them by law they were the ones to run the risk of the consequences of their own acts.

Assuming, on the other hand, that the lower court impliedly admitted, as it may perhaps be inferred from its order of contempt, that the obligations or credits referred to were the result of sales made by the bank before the complaint was filed or recorded in the registry, although the original contracts were given the form of leases, then the situation would surely be most favorable to the petitioner.

The acquirers could not be considered purchasers *pendente lite* and as a corollary neither the judgment nor its

receivership incident could legally affect them unless they were made parties to the proceedings.

The true legal doctrine as regards that kind of a purchaser, be his title "legal" or "equitable," is well summarized in the following commentaries:

"Until there be a suit pending there can be no such thing as a purchaser *pendente lite*, and a person whose interests are acquired before the action is brought against his vendor will not be bound by its result. The same is true where the statute requires filing of notice to begin the *lis pendens*, and rights acquired before filing are not affected. Persons whose interests were acquired before the action was begun must be made parties to it, if they are to be affected by its result, and an interest acquired before the suit by a third person may be transferred after it has begun, free from the result of the litigation if the transferrer is not a party thereto. And it is not always necessary to the operation of this rule that the interest existing at the commencement of the suit be clothed with the legal title, but it has been frequently held that the pendency of a suit involving the legal title to property will not affect the holder of an antecedently acquired equity so as to prevent his clothing himself with the legal title." 17 R.C.L. 1028–1029.

Consequently the lower court had no jurisdiction to make the order of April 3, 1924, and the subsequent orders of May 12, 1924, to show cause, or that of June 26, 1924, which found the petitioner guilty of contempt of court for failure to comply with the said orders, which are declared void and without legal effect.